UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRENDA CHERRY EDWARDS,

    Plaintiff(s),

v.

STEPHEN ANTHONY LATTIMER, *et al.*,

    Defendant(s).

Case No.: 2:18-cv-1072-JCM-NJK

**Order**

(Docket No. 19)

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 19. The parties ask to extend certain deadlines by 90 days. *Id*. at 4. The parties submit that additional time is needed for the scheduling of Plaintiff's medical examination and deposition. *Id.* at 2.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992) (internal citation and quotations omitted).

A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26–4; *see also Johnson,* 975 F.2d at 608–

09.  Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson,* 975 F.2d at 609.  The good cause inquiry focuses primarily on the movant's diligence.  *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294–95 (9th Cir.2000).

      Here, the parties fail to show they are conducting discovery diligently.  The parties have conducted almost no discovery since the Court granted their first request for extension to various discovery dates for the same reason presented here—that of permitting Plaintiff to complete a medical examination.  *Compare* Docket No. 17 *with* Docket No. 19.  Accordingly, the parties' stipulation to extend discovery deadlines, Docket No. 19, is **DENIED** without prejudice.

      IT IS SO ORDERED.

      Dated: December 26, 2018

                                            NANCY J. KOPPE
                                            United States Magistrate Judge